# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff below, Respondent

vs)  16-0431 (Mingo County 16-F-1)

Ryan Christopher Bowen,
Defendant below, Petitioner

**FILED**

**October 19, 2017**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The petitioner, Ryan Christopher Bowen (hereinafter "the defendant"), appeals his conviction for one count of grand larceny. He asserts the circuit court erred by instructing the jury that a mistake of law is not a defense to this crime. The State of West Virginia responds in support of the instruction and conviction.[1]

After considering the parties' written and oral arguments, as well as the record on appeal and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the conviction is appropriate under Rule 21 of the Rules of Appellate Procedure.

## I. Facts

On August 17, 2015, Mingo County Sheriff's Corporal Norman Mines investigated a report that someone was in the process of stealing steel railroad tie plates belonging to the Norfolk Southern Railroad. These tie plates had been stacked in a gravel area along railroad tracks on property owned by the railroad company. Upon responding to the report, Corporal Mines observed 124 tie plates piled inside the bed of a pickup truck parked at a house across an alley from the railroad tracks. The corporal ascertained that the truck belonged to the defendant, who was inside the house.

---

[1] The petitioner is represented by attorney Paul Andrew Montgomery. The State is represented by Assistant Attorneys General Julie A. Warren and Zachary Aaron Viglianco.

1

Upon being arrested and taken to the Sheriff's office, and after waiving his *Miranda*[2] rights, the defendant gave a video-recorded confession admitting that he had taken the tie plates. During the recorded statement, the defendant said he "had no clue that they were worth value to other people or property to other people they were just there in what I would call an alley so I seen no harm in loading them up and was going to take them to the scrap yard" to sell.

The defendant was indicted on one count of grand larceny in violation of West Virginia Code § 61-3-13(a) (2014). At his February 2016 jury trial, the State played the video-recorded police interview. Corporal Mines testified that after he stopped recording, the defendant added to his statement and claimed that his relative, John Tincher, had given him permission to take the tie plates. Mr. Tincher lived in the house where the petitioner was found and arrested. Although Corporal Mines attempted to re-start the video recorder and have the defendant repeat this additional statement, the defendant refused because he "didn't want to be a rat. He didn't want to rat anyone out."[3]

At trial, a Norfolk Southern supervisor testified that a single steel tie plate is worth between $20 and $30 dollars; accordingly, the value of 124 steel tie plates was established at between $2,480 and $3,720. The supervisor explained that the tie plates had been stacked along the railroad tracks awaiting installation, and nobody at the railroad had given permission for their removal. The defendant elected not to testify, and the defense rested its case without calling any witnesses.

The circuit court instructed the jury on the elements of grand larceny and the lesser-included offense of petit larceny. With regard to grand larceny, the court instructed:

> In order to find the Defendant guilty of Grand Larceny the State must prove, beyond a reasonable doubt, that:
>
> 1. The Defendant, Ryan Christopher Bowen;
> 2. In Mingo County, West Virginia;
> 3. On or about the 17th day of August, 2015;
> 4. Did unlawfully, knowingly, intentionally, larcenously and feloniously steal;

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] There was no evidence at trial to suggest that Mr. Tincher was a railroad employee or otherwise had any authority to give away the railroad company's property. Neither the State nor the defendant called Mr. Tincher as a witness.

5. Take and carry away;
6. One Hundred twenty-four (124);
7. Steel tie plates valued at over $1,000;
8. That belong to Norfolk Southern Railroad;
9. With the intent to permanently deprive;
10. Norfolk Southern Railroad;
11. Of the ownership thereof;
12. Against the peace and dignity of the State of West Virginia;
13. And in violation of West Virginia Code § 61-3-13(a).

If after impartially considering, weighing and comparing all of the evidence you are convinced beyond a reasonable doubt of the truth of each of these elements, you may find the Defendant guilty of Grand Larceny. If, however, you have reasonable doubt about any one of these elements, you shall find the Defendant not guilty of Grand Larceny.

At the defendant's request, the circuit court also gave a jury instruction explaining that a mistake *of fact* can negate the element of intent. At the behest of the prosecutor, and over the defendant's objection, the court added a sentence to this instruction regarding mistake *of law*. The instruction given to the jury provided:

The Court instructs the jury that one who takes property in good faith under fair color or claim of title, honestly believing he or she is the owner or has a right to take it, is not guilty of larceny, even though he or she may be mistaken in such belief, since in such case the felonious intent is lacking.

If you have a reasonable doubt whether or not the defendant had a bona fide claim of ownership to the specific property and therefore, had no intent to steal, you must find the defendant not guilty.

However, a defendant's mistaken belief of the law is not a defense to the crime committed.

During his closing argument, the defense counsel contended that the defendant lacked the intent necessary to commit larceny. Counsel argued that the defendant made a good faith "mistake" after "John Tincher said [he] could" take the tie plates. After weighing the evidence, the jury found the defendant guilty of grand larceny. At the subsequent sentencing hearing, the circuit court imposed the statutory sentence of one to ten years in prison. The court then immediately suspended that sentence and, instead, imposed six months to two years at the Anthony Correctional Center for Youth.

## II.  Standard of Review

Because the petitioner asserts that the jury was improperly instructed, a de novo standard applies to our appellate review.  "As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion.  By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*."  Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996).

## III.  Discussion

While conceding that there was sufficient evidence presented at his trial for a reasonable jury to find him guilty of grand larceny, the defendant nonetheless asserts that his right to due process under the West Virginia Constitution[4] was violated by the circuit court's inclusion of a single sentence in the jury instructions:  "However, a defendant's mistaken belief of the law is not a defense to the crime committed."  This was the sentence that, at the State's request, was added to the end of the defense-offered instruction addressing mistake of fact.

Our law regarding the review of jury instructions is well-settled.  We will not dissect instructions on appeal, but will consider the charge as a whole:

> A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law.  A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy.  A trial court, therefore, has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law.  Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

---

[4]The defendant points to the due process right mandated by article III, section 10 of the West Virginia Constitution.  In his brief, he does not assert any violation of his federal due process right.

Syl. Pt. 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995); *accord* Syl. Pt. 15, *State v. Bradshaw*, 193 W.Va. 519, 457 S.E.2d 456 (1995). Upon a review of these jury instructions as a whole, we find no reversible error.

The defendant contends that the "mistake of law" sentence negated the jury's obligation to find that he acted intentionally in order to convict him of grand larceny.[5] We disagree. The jury was very clearly instructed that grand larceny requires "knowingly" and "intentionally" taking property belonging to the railroad company "[w]ith the intent to permanently deprive" the railroad company of its ownership. This language was repeated for the petit larceny instruction.[6] The instructions were read aloud to the jury, and a written copy was sent into the jury room during deliberations.

In the alternative, the petitioner argues that the jury must have been misled by the "mistake of law" sentence in the instructions. We find no support for this speculative argument. Quite simply, this instruction was extraneous to the case and the deliberations. The defendant never asserted that he was mistaken about or somehow unaware of the law of larceny. Rather, his defense at trial was premised entirely upon a claimed mistake of fact: he thought he could take the tie plates because he "had no clue that they were worth value to other people[.]" In other words, the theory of his defense was that he mistakenly thought the tie plates were abandoned property free for him to take. Unfortunately for the defense, there was very little evidence to support this theory. Indeed, the defendant's statement about not wanting to "rat anyone out" could have indicated to the jury that the petitioner knew he was stealing the tie plates. The jury was given the defense-requested instruction on mistake of fact, and defense counsel was permitted to fully explain his theory to the jury during closing argument. Because the defendant did not assert that he made a mistake of law, and there was no evidence to support such an argument, the "mistake of law" instruction was surplusage that did not affect the verdict. The instructions as a whole sufficiently instructed

---

[5]Intent is a required element of both grand and petit larceny. *See, e.g., State v. Kelly*, 175 W.Va. 804, 808, 338 S.E.2d 405, 409 (1985) (quoting Syl. Pt. 2, *State v. McCoy*, 63 W.Va. 69, 59 S.E. 758 (1907)) ("'The *animus furandi*, or the intent to take and deprive another of his property, is an essential element in the crimes of robbery and larceny.'"); Syl. Pt. 3, in part, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981), *overruled on other grounds by State v. Jenkins*, 191 W.Va. 87, 443 S.E.2d 244 (1994) ("To support a conviction for larceny . . . it must be shown that the defendant took and carried away the personal property of another against his will and with the intent to permanently deprive him of the ownership thereof.").

[6]Pursuant to West Virginia Code § 61-3-13, the difference between grand larceny and petit larceny is the value of the goods taken. The other elements of the crimes are the same.

the jury so that they understood the issues and were not misled by the law. *See Guthrie*, 194 W.Va. at 663-64, 461 S.E.2d at169-70, syl. pt. 4.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[7]Although we affirm this conviction, we nonetheless take this opportunity to discourage trial courts from the practice of including extraneous jury instructions. As we have explained,

> [t]his Court cautions circuit courts concerning the inclusion of extraneous and unnecessary instructions. In the same vein, this Court cautions prosecutors that their zealousness must be restrained in an effort to avoid the inclusion of erroneous instructions. An otherwise perfectly-tried case can be very promptly dismantled on appeal because of the addition of an erroneous or misleading instruction.

*State v. Roger P.*, No. 12-0792, 2014 WL 620483, at *5 n.7 (W.Va. Feb. 14, 2014) (memorandum decision).